# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KURIN, INC., <br><br> Defendant. | ) <br> ) <br> ) C.A. No. 24-01124 (CFC) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) **REDACTED PUBLIC VERSION** <br> ) <br> ) <br> ) |

### DEFENDANT KURIN, INC.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF BULLINGTON PATENTS

OF COUNSEL:
Gregg F. LoCascio, P.C.
Sean M. McEldowney
Matthew J. McIntee
Kelly Tripathi
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

Sam Blake
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
(213) 680-8400

Jonathan Hangartner
X-Patents, APC
5670 La Jolla Blvd.
(858) 454-4313

Dated: July 25, 2025

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendant Kurin, Inc.*

Kurin submits the following concise statement of undisputed facts in support of its Motion for Summary Judgment of Noninfringement:

### A. Bullington Patent Claims

1. Every remaining independent claim requires a "pressure differential… *between the* [moveable plug/valve] and the outlet" to move the moveable plug from a first position to a second position, or a valve from a first state to a second state. Declaration of S. McEldowney in Support of Motion for Summary Judgment ("Decl.") at Ex. 1 ('081 Patent), cls. 1, 11, 21, *id.* at Ex. 2 ('863 Patent), cls. 1, 11, 22, *id.* at Ex. 3 ('709 Patent), cls. 1, 10, 19, 28.

2. Several independent claims require this pressure differential "between" the moveable plug/valve and outlet *increase or build* to move the plug/change of state of the valve:

   - "the pressure differential … ***to build** to an extent **sufficient to** move the moveable plug from the first position to a second position*." Decl. at Ex. 1 ('081 Patent, cl. 1)

   - "the moveable plug configured to ***move from the first position to a second position in response to an increase*** in a pressure differential ..." Decl. at Ex. 1 ('081 Patent, cl. 11)

   - "the pressure differential … ***to build to an extent sufficient to transition the valve from the first state to a second state***." Decl. at Ex. 3 ('709 Patent, cl. 1)

   - "the valve configured to ***transition from the first state to a second state in response to an increase*** in a pressure differential ..." Decl. at Ex. 3 ('709 Patent, cl. 10)

1

3. Other independent claims require this pressure differential "between" the moveable plug/valve and outlet ***exceed a threshold pressure*** to move the plug/change of state of the valve:

- "the moveable plug configured to ***move from a first position to a second position in response to*** a pressure differential… ***exceeding a threshold pressure***" Decl. at Ex. 2 ('863 Patent, cl. 1)

- "the moveable plug configured to ***move to a second position in response to*** a pressure differential … ***exceeding a threshold pressure***." Decl. at Ex. 2 ('863 Patent, cl. 11)

- "the moveable plug configured to ***move from a first position to a second position in response to*** a pressure differential … ***exceeding a threshold pressure***." Decl. at Ex. 2 ('863 Patent, cl. 21)

- "the valve configured to ***transition to a second state in response to*** a pressure differential … ***exceeding a threshold pressure***." Decl. at Ex. 3 ('709 Patent, cl. 28)

4. The remaining independent claims require this pressure differential "between" the moveable plug/valve and outlet ***to be greater than the first pressure differential, i.e., the pressure differential between the inlet and outlet*** to move the plug/change of state of the valve:

- "***first pressure differential between the inlet and the outlet***…, the moveable plug configured to ***move from the first position to a second position in response to*** a second pressure differential ***greater than the first pressure differential***." Decl. at Ex. 1 ('081 Patent, cl. 21)

- "***first pressure differential between the inlet and the outlet***…, the valve configured to ***transition from a first state to a second state in response to*** a second pressure differential ***greater than the first pressure differential***." Decl. at Ex. 3 ('709 Patent, cl. 19)

2

5. Kurin informed Magnolia that it will seek to construe "pressure differential…between the [moveable plug/ valve] and the outlet," in all independent claims of the Bullington Patents," as "pressure differential…in the space that separates the [moveable plug/valve] and the outlet."

6. Magnolia accuses the Kurin Jet's stopper of meeting the elements of the "moveable plug" and "valve." *See, e.g.*, Decl. at Ex. 4 (Meinhart Infringement Report), ¶514.[1]

**B. Dr. Meinhart's Experimental Measurements**

7. Dr. Meinhart conducted an experiment measuring the pressure differential across the entire Jet device, *i.e.*, between 3a and 10a in the figure below. Decl. at Ex. 4 (Meinhart Infringement Report), ¶129:

---

[1] Ex. 4 is an excerpted version of Dr. Meinhart's May 30, 2025 Infringement Report, which includes the portions cited herein. Ex. 5 is a complete version of the same report.

3



*Id.* at 53 (red and yellow added), *see also id.* ¶133.

8. Dr. Meinhart's experiment showed the following pressure differentials across the Jet. *Id.* ¶139.



4

9. Dr. Meinhart explained that "At Regime C, the pressure difference peaks at t = 1194 ms to a value of Δp = 6.34 psi. *At this point in time, the pressure differential exceeds a critical value and is sufficient to move the movable plug…*[T]he pressure difference measure by the ***pressure transducer between position 3a and position 10a is nearly the same as the pressure between the bottom and top of the moveable plug [i.e., between points 5 and 7 in the experimental set up diagram]*.*" *Id.* ¶144.

10. Dr. Meinhart did not measure the pressure differential between the stopper and outlet (*i.e.*, points 7 and 9). *See* Decl. at Ex. 6 (Meinhart Dep.) at 199:19-200:11; 212:4-213:1. He also "didn't measure any pressures specifically inside the Jet" and instead measured only "on the outside of the device." *Id* at 212:4-213:1.

**C. Dr. Meinhart's Modeling**

11. Dr. Meinhart conducted computational fluid dynamics ("CFD") modeling to simulate flow through a portion of the sample channel and tube c. Dr. Meinhart concluded "[t]he CFD results show that the viscous pressure drop through tube c is about Δp = 0.012 psi, *which is far lower than [the] relevant pressure required to move the movable plug*." Decl. at Ex. 4 (Meinhart Infringement Report), ¶153; *see also id.* ¶129. Dr. Antonsson stated this "CFD analysis demonstrates there is no pressure differential in the sampling channel, as the pressure in the top portion

5

of the device, *i.e.* the sampling channel, appears consistent." Decl. at Ex. 8 (Antonsson Rebuttal Non-Infringement Report) ¶239.



**D. Pressure Differential Which Causes Movement of Jet's Stopper**

12. Dr. Meinhart's lead infringement opinion is that a pressure differential between points A and B in the diagrams below "builds" "to an extent sufficient to move the moveable plug from the first position to a second position." *See, e.g.*, Decl. at Ex. 4 (Meinhart Infringement Report), ¶521, 536.



*Id.* at 634.



*Id.* at 638.

13.   Dr. Meinhart admitted that the pressure differential between "the bottom surface of the movable plug and the outlet [] causes the plug to move." Decl. at Ex. 6 (Meinhart Dep.) at 200:20-201:6; *see also id.* at 204:5-205:1 ("It's really the pressure differential between the bottom of the movable plug and the outlet. So that difference in pressure creates a force that moves the movable plug."); 205:21-206:18.

14.   Under the proper construction, the pressure differential between points A and B in the figures above is across the stopper and not the "pressure differential in the space between the moveable plug/valve and the outlet." *See* Decl. at Ex. 8 (Antonsson Rebuttal Non-Infringement Report) ¶249. Furthermore, Dr. Meinhart does not show the portion indicated with an "A" in the above two figures to be a part of the sampling channel. *See id.* ¶257.

7

15.   The Court determined that Magnolia cannot put forth infringement opinions under the doctrine of equivalence. D.I. 140 at 305:11-22.

### E. Dr. Meinhart's Alternative Theory

16.   Recognizing that the opinions above did not track Magnolia's infringement contentions and that they required a tortured reading of "between," Dr. Meinhart also included an alternative opinion. There, Dr. Meinhart opines on a pressure differential between A and B in the following figure. *See, e.g.*, Decl. at Ex. 4 (Meinhart Infringement Report) at 639-40.



17.   The location of "A" and "B" roughly corresponds with "8" and "9" respectively in Dr. Meinhart's experiment. *Compare* Decl. at Ex. 4 (Meinhart Infringement Report) at 640 *with id.* at 53; *see also* Decl. at Ex. 7 (Meinhart Dep. Ex. 1 Excerpt).

8



18.   Dr. Meinhart *only* offers this alternative opinion with respect to independent claims 1, 11, 21 of the '081 Patent and independent claim 1 of the '709 Patent. *See id.* at 639-641, 750-752, 866-868, 1323-1325; *see also id.* at 938-963, 1038-1071, 1166-1199, 1385-1415, 1488-1515, 1579-1610.

19.   Dr. Meinhart testified that the pressure differential between 8 and 9 would be "less than 0.012 psi," and "[i]t could be, like, 0.002, 0.003 [psi]." Decl. at Ex. 6 (Meinhart Dep.) at 200:20-201:6; 232:22-234:17.

20.   Dr. Meinhart testified that the pressure differential between 3 and 10 is about 6.3 psi, or three orders of magnitude greater than the differential between 8 and 9. *Id.* at 218:5-219:4; 273:7-13; 234:18-235:15.

21.   In reference to his pressure differential graph (CSOF #8), Dr. Meinhart agreed that "in Regime B the magnitude of the pressure differential between 8 and 9 is decreasing," *i.e.*, "the absolute values [of the difference] are going closer to zero." *Id.* at 242:14-243:18. Dr. Meinhart explained that "when the barrier starts to

9

seal. . . caus[ing] the pressure gradient between 8 and 9 to build to a zero value." *Id.* at 239:5-12.

22. Dr. Meinhart testified that before the Jet's stopper is dislodged, the pressure differential between 8 and 9 ***falls to zero***. *Id.* at 240:4-240:15, 243:8-243:18, 230:4-230:15.

23. When asked whether the pressure differential between 8 and 9 causes the Jet's stopper to move, Dr. Meinhart testified that "it is ***necessary*** for the pressure differential between X1 [8] and Y1 [9] to change in order for the plug to move." *Id.* at 200:20-202:18, 219:5-221:10.  Dr. Meinhart never opined that the pressure differential between 8 and 9 (Dr. Meinhart estimates around 0.003 psi) is ***sufficient*** to move the plug/transition the valve, whereas the pressure differential between the inlet and outlet (*i.e.*, 6.3 psi) was sufficient.  *See* CSOF #8-9.  Dr. Meinhart stated the second pressure differential between 8 and 9 "can be neglected." Decl. at Ex. 4 (Meinhart Infringement Report) ¶152.  Dr. Antonsson agreed, stating "any pressure difference [in this location] is insignificant."  Decl. at Ex. 8 (Antonsson Rebuttal Non-Infringement Report) ¶235, *see also id.* ¶242.

### F. Relative Magnitude of Pressure Differentials

24. Certain independent claims require the pressure differential "between the [movable plug/valve] and the outlet," be ***greater*** than the pressure differential

10

between the inlet and outlet. Decl. at Ex. 1 ('081 Patent), cl. 21; *id.* at Ex. 3 ('709 Patent), cl. 19.

25.    Dr. Meinhart agreed that "the pressure differential between 8 and 9 cannot be the second pressure differential that's recited in [claim 19 of the '709 Patent]" "[b]ecause it's not greater than, yes." Decl. at Ex. 6 (Meinhart Dep.) at 273:7-273:17. Dr. Meinhart testified that the "second pressure differential" only occurs later in *time* than the "first pressure differential." *Id*. at 273:14-274:4, *see also* (CSOF #8).

| | |
|---|---|
| OF COUNSEL: | /s/ *Sara M. Metzler* |
| | Kelly E. Farnan (#4395) |
| Gregg F. LoCascio, P.C. | Sara M. Metzler (#6509) |
| Sean M. McEldowney | One Rodney Square |
| Matthew J. McIntee | Richards, Layton & Finger, P.A. |
| Kelly Tripathi | 920 N. King Street |
| Socrates L. Boutsikaris | Wilmington, DE 19801 |
| KIRKLAND & ELLIS LLP | (302) 651-7700 |
| 1301 Pennsylvania Avenue, N.W. | farnan@rlf.com |
| Washington, D.C. 20004 | metzler@rlf.com |
| (202) 389-5000 | |
| | *Attorneys for Defendant Kurin, Inc.* |
| Sam Blake | |
| KIRKLAND & ELLIS LLP | |
| 555 South Flower Street, Suite 3700 | |
| Los Angeles, CA 90071 | |
| (213) 680-8400 | |

Jonathan Hangartner
X-PATENTS, APC
5670 La Jolla Blvd.
La Jolla, CA 92037
(585) 454-4313

Dated: July 25, 2025

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing KURIN'S CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF BULLINGTON PATENTS complies with the type and word limitations set forth in the Court's November 10, 2022 Standing Order regarding Briefing in All Cases and Paragraph 16 of the Scheduling Order (D.I. 102). The total number of words, including introductions and footnotes, but excluding the cover page, table of contents, table of authorities, and signature page is 1,737 words according to the word processing system to compile the brief. The text of the brief is 14-point, Times New Roman.

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

| BY ELECTRONIC MAIL | BY ELECTRONIC MAIL |
|---|---|
| Rodger D. Smith II | Ashok Ramani |
| Anthony D. Raucci | Micah G. Block |
| Morris, Nichols, Arsht & Tunnell LLP | Serge A. Voronov |
| 1201 North Market Street | Elaine M. Andersen |
| P.O. Box 1347 | Natalie J. Stoecklein |
| Wilmington, DE 19801 | Elazar Chertow |
| | David Jiang |
| | Keon Zemoudeh |
| | Davis Polk & Wardwell LLP |
| | 900 Middlefield Road, Suite 200 |
| | Redwood City, CA 94063 |

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)