IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) | |
| *Plaintiff and Counter-Defendant,* | ) ) | C.A. No. 24-1124 (CFC) |
| v. | ) ) | ███████████████ |
| KURIN, INC., | ) ) | REDACTED - PUBLIC VERSION |
| *Defendant and Counter-Plaintiff.* | ) | |

**JOINT [PROPOSED] PRETRIAL ORDER**

# TABLE OF CONTENTS

PAGE

I.  NATURE OF THE PROCEEDINGS ...............................................................2

    A.  The Parties ..........................................................................................2

    B.  Nature of the Action ..........................................................................3

    C.  Claim Construction Proceedings .......................................................4

    D.  The Parties' Pending Motions ...........................................................5

II.  JURISDICTION ...........................................................................................6

III.  UNCONTESTED FACTS ..............................................................................6

IV.  CONTESTED ISSUES OF FACT ................................................................6

V.  CONTESTED ISSUES OF LAW ................................................................7

VI.  EXHIBITS ....................................................................................................7

    A.  Trial Exhibits .....................................................................................7

    B.  Demonstrative Exhibits ...................................................................11

    C.  Exchange of and Objections to Trial Exhibits and Demonstrative Exhibits ...................................................................12

    D.  Juror Materials .................................................................................16

VII.  WITNESSES ..............................................................................................16

VIII.  MAGNOLIA'S INTENDED PROOF ........................................................23

IX.  KURIN'S INTENDED PROOF ..................................................................23

X.  AMENDMENT TO PLEADINGS ..............................................................24

XI.  CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT ......24

XII.  OTHER MATTERS ....................................................................................24

    A.  Phasing of Trial ...............................................................................24

i

B.    Number of Jurors.................................................................................24

C.    Jury Notes............................................................................................24

D.    Depositions from Other Matters.........................................................25

E.    Handling of Confidential Information at Trial....................................25

F.    Set-up of Electronic and Computer Devices......................................26

G.    Federal Judicial Center Introduction to Patent System Video............26

H.    Motions *in Limine* ..............................................................................26

Plaintiff/Counterclaim-Defendant Magnolia Medical Technologies, Inc. ("Magnolia") and Defendant/Counterclaim-Plaintiff Kurin, Inc. ("Kurin"), by their undersigned counsel, collectively submit this Joint Proposed Pretrial Order pursuant to D. Del. L.R. 16.3. The parties attempted in good faith to reach consensus on the following issues. To the extent the parties had differing positions, each party's respective proposal is explained for the Court's consideration. A Pretrial Conference in this matter is scheduled for November 13, 2025 at 1:00 p.m. A multi-phased jury trial (where issues of willful infringement and damages will be tried only if there is a finding of infringement) has been scheduled to commence before the Honorable Colm F. Connolly on December 8, 2025. (D.I. 102, ¶ 27). This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

**Plaintiff's Counsel**: Magnolia is represented by Rodger D. Smith, II (rsmith@morrisnichols.com) and Anthony D. Raucci (araucci@morrisnichols.com) of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, (302) 658-9200; Ashok Ramani (ashok.ramani@davispolk.com), Micah G. Block (micah.block@davispolk.com), Serge A. Voronov (serge.voronov@davispolk.com), Keon Zemoudeh (keon.zemoudeh@davispolk.com), Natalie Stoecklein

1

(natalie.stoecklein@davispolk.com), and Elazar Chertow (elazar.chertow@davispolk.com) of Davis Polk & Wardwell LLP, 900 Middlefield Road, Suite 200, Redwood City, CA 94063, (650) 752-2000; and David Jiang (david.jiang@davispolk.com) of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, (212) 450-4000.

**Defendant's Counsel**:  Kurin is represented by Kelly E. Farnan (farnan@rlf.com) and Sara M. Metzler (metzler@rlf.com) of Richards, Layton & Finger, P.A., One Rodney Square 920 N. King Street Wilmington, DE 19801, (302) 651-7700; Gregg F. LoCascio, P.C. (glocascio@kirkland.com), Sean M. McEldowney (smceldowney@kirkland.com), Matthew J. McIntee (matt.mcintee@kirkland.com), Kelly Tripathi (kelly.tripathi@kirkland.com), Socrates L. Boutsikaris (socrates.boutsikaris@kirkland.com), M. Houston Brown, Jr. (houston.brown@kirkland.com) of Kirkland & Ellis LLP, 1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004, (202) 389-5000; Sam Blake (sam.blake@kirkland.com) of Kirkland & Ellis LLP, 555 South Flower Street, Suite 3700, Los Angeles, CA 90071, (213) 680-8400; and Jonathan Hangartner (jon@x-patents.com) of X-Patents, APC, 5670 La Jolla Blvd., La Jolla, CA 92037, (858) 454-4313.

## I.    NATURE OF THE PROCEEDINGS

### A.    The Parties

2

1.    Magnolia is a Washington corporation with its principal place of business at 200 W. Mercer Street, Suite 500, Seattle, Washington, 98119.

2.    Kurin is a Delaware corporation with its principal place of business in San Diego, California.

**B.    Nature of the Action**

3.    The operative pleadings are Magnolia's Complaint for Patent Infringement (D.I. 1) and Kurin's Second Amended Answer and Counterclaims (D.I. 95), subject to subsequent Court rulings addressed to those pleadings.

4.    Magnolia brings this action for infringement of U.S. Patent Nos. 11,529,081 (the "#081 Patent"), 11,653,863 (the "#863 Patent"), and 11,903,709 (the "#709 Patent") (collectively, the "Magnolia Asserted Patents").

5.    Magnolia asserts infringement against the following Kurin blood culture collection sets:  DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, TJ-PIV18, SJ-PIV4, and SJ-PIV10 (collectively, the "Kurin Accused Products").

6.    Kurin denies Magnolia's claims of infringement.

7.    Kurin asserts that the Kurin Accused Products do not infringe any of the Magnolia Asserted Claims and that the Magnolia Asserted Claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

8.      Kurin counterclaimed for declaratory judgment of non-infringement and invalidity of the Magnolia Asserted Patents, unenforceability of the Magnolia Asserted Patents due to inequitable conduct, and infringement of U.S. Patent No. 12,138,052 (the "#052 Patent" or the "Kurin Asserted Patent").

9.      Kurin asserts infringement against the following Magnolia Steripath Micro blood culture collection systems:  4000-EN, 4000-21UT-EN, 4000-23UT-EN, 4000-UNEN, 40BD-EN, 40BD-21UT-EN, 40BD-23UT-EN, 40BD-UN-EN, 4005-EN, 4005-21UT-EN, 4005-23UT-EN, 4005-UN-EN, 4010-EN, 4010-21UT-EN, 4010-23UTEN, 4010-UN-EN, 4020-EN, 4020-21UT-EN, and 4020-UN-EN (collectively, the "Magnolia Accused Products").

10.     Magnolia denies Kurin's claims of infringement.

11.     Magnolia asserts that the Magnolia Accused Products do not infringe any of the Kurin Asserted Claims and that the Kurin Asserted Claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**C.     Claim Construction Proceedings**

12.     The Court held Markman hearings on March 19, 2025 and July 10, 2025.

13.     The parties have agreed to the following constructions:

| Term | Patent(s) | Agreed Construction |
|------|-----------|---------------------|
| "proximal" | #081 Patent cls. 14, 24 #863 Patent cls. 1, 4, 11, 14, 22 | "the direction closer to a user who would place the device into contact with a patient" |

4

| Term | Patent(s) | Agreed Construction |
|---|---|---|
|  | #709 Patent cls. 6, 15, 24, 28 |  |
| "distal" | #863 Patent cls. 1, 24 | "the direction farther away from a user who would place the device into contact with a patient" |
| "flexible material" | #052 Patent cl. 13 | Plain and ordinary meaning. |
| "a housing that defines" | #052 Patent cls. 1, 13 | "a casing that fixes or marks the limits of" |

14. On July 10, 2025, the Court stated that it would construe claims as follows, pursuant to a written order to follow:

| Term | Patent(s) | Court's Construction |
|---|---|---|
| "temporarily locked" | #081 Patent cls. 8, 18, 28 #863 Patent cls. 8, 18, 28 | Plain and ordinary meaning. |

15. The final construction of the term "pressure differential . . . between the [moveable plug/valve] and the outlet" is still pending before the Court.

**D.   The Parties' Pending Motions**

16. The parties filed opening Markman briefing regarding the construction of "pressure differential . . . between the [moveable plug/valve] and the outlet" on August 1, 2025, and response briefs on August 22, 2025.

17. The parties filed *Daubert* motions on July 25, 2025, opposition briefs on August 15, 2025, and reply briefs on August 29, 2025.

18. The parties served motions *in limine* on October 3, 2025, opposition briefs on October 15, 2025, and reply briefs on October 22, 2025. The motions *in limine* briefing is submitted as part of this Proposed Pretrial Order.

## II.    JURISDICTION

19.    This is an action for patent infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

20.    The jurisdiction of the Court is not disputed and is proper under 28 U.S.C. §§ 1331 and 1338(a).

21.    Venue is proper under 28 U.S.C. § 1400(b), and the Court has personal jurisdiction over the parties.

## III.    UNCONTESTED FACTS

22.    Attached as **Exhibit 1A** are facts that are not disputed or that have been agreed to or stipulated to by the parties and that require no proof at trial as to the Magnolia Asserted Patents.

23.    Attached as **Exhibit 1B** are facts that are not disputed or that have been agreed to or stipulated to by the parties and that require no proof at trial as to the Kurin Asserted Patent.

## IV.    CONTESTED ISSUES OF FACT

24.    Magnolia's statement of issues of fact that remain to be litigated as to the Magnolia Asserted Patents is attached as **Exhibit 2A**.

25.    Magnolia's statement of issues of fact that remain to be litigated as to the Kurin Asserted Patent is attached as **Exhibit 2B**.

26.    Kurin's statement of issues of fact that remain to be litigated as to the Magnolia Asserted Patents is attached as **Exhibit 3A**.

6

27.    Kurin's statement of issues of fact that remain to be litigated as to the Kurin Asserted Patent is attached as **Exhibit 3B**.

## V.    CONTESTED ISSUES OF LAW

28.    Magnolia's statement of issues of law that remain to be litigated, and citation of authorities relied upon, as to the Magnolia Asserted Patents is attached as **Exhibit 4A**.

29.    Magnolia's statement of issues of law that remain to be litigated, and citation of authorities relied upon, as to the Kurin Asserted Patent is attached as **Exhibit 4B**.

30.    Kurin's statement of issues of law that remain to be litigated, and citation of authorities relied upon, as to the Magnolia Asserted Patents is attached as **Exhibit 5A**.

31.    Kurin's statement of issues of law that remain to be litigated, and citation of authorities relied upon, as to the Kurin Asserted Patent is attached as **Exhibit 5B**.

## VI.    EXHIBITS

### A.    Trial Exhibits

32.    Magnolia's list of pre-marked exhibits that it may offer at trial, other than demonstrative exhibits and exhibits used solely for cross-examination or impeachment, and Kurin's objections to Magnolia's exhibits, is attached as **Exhibit**

7

**6**.  A key to the objection codes is appended at the end of the exhibit.  Magnolia's evidentiary exhibits will be identified by numbers prefixed with "PTX."

33.    Kurin's list of pre-marked exhibits that it may offer at trial, other than demonstrative exhibits and exhibits used solely for cross-examination or impeachment, and Magnolia's objections to Kurin's exhibits, is attached as **Exhibit 7**.  A key to the objection codes is appended at the end of the exhibit.  Kurin's evidentiary exhibits will be identified by numbers prefixed with "DTX."

34.    The exhibit lists include exhibits that parties may offer into evidence. However, exhibits not listed will not be admitted unless good cause is shown.

35.    Each party's exhibit list includes, as appropriate, citations to the Federal Rules of Evidence and/or Federal Rules of Civil Procedure to note any objections lodged by the opposing party.  In addition, any exhibits implicated by the parties' motions in *limine* are deemed objected to.

36.    Subject to paragraph 37 below, any exhibit that is not objected to may be introduced into evidence through any witness competent to testify regarding the exhibit, without the need for additional foundation testimony.

37.    An expert may not introduce any exhibit that was not relied upon in any of that expert's reports submitted pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

38.     Each party may use a subset of an exhibit as a standalone exhibit, subject to evidentiary objections.  Such subset exhibit shall be marked with the entire exhibit's number followed by a letter, for example, PTX0001-A.

39.     The parties stipulate that the following are presumed authentic, subject to evidentiary objections:  (i) exhibits created and thereafter produced by a party or a subpoenaed third party, (ii) documents created by a government agency, and (iii) scientific-research articles and posters.

40.     The parties agree that any date or description of a document (or absence thereof) on an exhibit list is provided for convenience only and shall not be used as evidence regarding that document.

41.     Legible photocopies of United States patents and the content of USPTO file histories may be offered and received in evidence in lieu of certified copies thereof.

42.     Upon party agreement, electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered and received in evidence in lieu of paper or PDF versions.  Such electronic versions shall be provided with the final exhibit lists.

43.     The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention.  The final exhibit lists will include the exhibit number to be used at trial, which shall

9

match the exhibit number corresponding to that used in **Exhibits 6** and **7**, and a description sufficient to identify the exhibit, i.e., by production number or citation. On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

44.   No exhibit will be admitted unless offered into evidence through a witness, who must at least address the exhibit.  Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.   Once admitted, counsel may publish exhibits to the jury without requesting to do so.

45.   Each party shall make available for inspection any physical exhibits by December 6, 2025.  Such physical exhibits shall be labeled with their corresponding exhibit numbers as listed in **Exhibits 6** and **7.**

46.   Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.  The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.  Each party reserves the right to object to the admissibility of

any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

47.    [**Magnolia's Proposal**: A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.]

**B.    Demonstrative Exhibits**

48.    Magnolia's demonstratives will be identified with PDX numbers, starting with PDX-0001.  Kurin's demonstratives will be identified with DDX numbers, starting with DDX-0001.

49.    The parties have agreed that the demonstrative exhibits the parties intend to use at trial do not need to be included on the lists of trial exhibits attached as **Exhibits 6** and **7** to this Order.

50.    The party seeking to use a demonstrative will provide a color (if the original exhibit is in color) representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide a native version.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation of the exhibits and make the demonstrative available for inspection.

51.    Highlighted or enlarged exhibits or exhibit pages, or portions of exhibit pages, do not need to be provided to the other side in advance of their use and shall

11

not count as demonstratives (the content or text will not be altered), and shall not be admitted as separate exhibits.

52.     Demonstratives may not be used by the opposing party prior to being used by the disclosing party.  Demonstratives shall not be admitted into evidence absent stipulation.

53.     Copies of demonstratives shall not be provided to the jury, except upon agreement of the parties or as otherwise ordered by the Court.

## C.     Exchange of and Objections to Trial Exhibits and Demonstrative Exhibits

54.     The parties shall identify and exchange demonstrative exhibits to be used in opening statements for Phase 1 by 5:30 p.m. EDT on December 7, 2025. The parties shall exchange any objections to such demonstratives as soon as practicable and no later than 7:00 p.m. EDT on December 7, 2025, and shall meet and confer on any such objections as soon as practicable after that exchange and no later than 8:30 p.m. EDT the same day.  The demonstrative exhibits to be used in opening statements shall be exchanged in the form they will be presented and shall include all slides that the party will present to the jury.  For the avoidance of doubt, the slides to be used in opening statements shall not be shuffled/randomized, and slides that include blow-ups or highlights of exhibits shall be included.  The preceding sentence notwithstanding, the prohibition on shuffling shall not prevent a party from changing its order of presentation (e.g., in response to the jury's verdict

12

of Phase 1 or for demonstratives used to respond to a point made by an adversary), skipping slides, or revisiting slides.  Nor shall a party be prohibited from live presentation of exhibits outside of the exchanged slides, *e.g.*, via document camera, Trial Director, or similar.

55.    The parties shall identify and exchange demonstrative exhibits to be used in opening statements for Phase 2 one hour after the jury begins deliberations for Phase 1.  The parties shall meet and confer regarding any objections as soon as practicable thereafter.

56.    [**Magnolia's Proposal**: The parties shall identify and exchange demonstrative exhibits to be used in closing arguments for each phase by 7:00 p.m. EDT on the day before closing arguments are anticipated to occur, or if that proves impracticable, at a reasonable time to be agreed upon by the parties.  The parties shall provide objections to such demonstratives as soon as practicable and no later than 8:00 p.m. EDT on the same night and shall meet and confer as soon as practicable after that exchange and no later than 8:30 p.m. EDT on the same night to resolve the objections.  The demonstrative exhibits to be used in closing arguments shall be exchanged in the form they will be presented and shall include all slides that the party will present to the jury.  For the avoidance of doubt, the closing slides shall not be shuffled/randomized, and slides that include blow-ups or highlights of exhibits shall be included.  The preceding sentence notwithstanding,

the prohibition on shuffling shall not prevent a party from changing its order of presentation (e.g., in response to the jury's verdict of Phase 1 or for demonstratives used to respond to a point made by an adversary), skipping slides, or revisiting slides. Nor shall a party be prohibited from live presentation of admitted evidence outside of the exchanged slides, *e.g.*, via document camera, On Cue, Trial Director, or similar.]  [**Kurin's Proposal**: The parties are not required to identify or exchange demonstrative exhibits to be used in closing arguments for any phase.]

57.    The parties shall disclose a list of any exhibits, including any physical exhibits, they intend to use during the direct examination of a witness, including any witness called adversely or in rebuttal (if rebuttal is allowed) of the other party's witness, by witness name and exhibit number, by 7:00 p.m. EDT the day before such direct examination will take place.  Witnesses shall be listed in the order in which they will be called.  The parties shall disclose demonstrative exhibits they intend to use during the direct examination of a witness, including identifying which witness will use the demonstrative, by 7:00 p.m. EDT the day before such direct examination will take place.  The parties shall exchange any objections to the admissibility of the exhibits sought to be used with live witnesses as soon as practicable and no later than 8:00 p.m. EDT the day before use.

58.    The parties shall meet and confer as soon as practicable after that exchange and no later than 8:30 p.m. EDT on the same night after service of

14

objections to resolve the objections.  Any objections to the use of exhibits on direct examination that cannot be resolved must be raised with the Court at the Court's convenience before trial resumes on the day of the anticipated use.  Failure to do so constitutes a waiver of those objections, except as to an otherwise preserved objection asserted live at trial in response to use of an exhibit that was not reasonably foreseeable.

59.    Prepared demonstratives to be used for cross examination shall be provided to the other side with the cross binders.  Such demonstratives used for cross examination may not be published until the other side has had an opportunity to object to the cross demonstratives.  However, blow-ups or highlights of exhibits or parts of exhibits or testimony created contemporaneously using trial presentation software need not be provided to the other side in advance of use.  The parties recognize there may be minor changes to demonstratives and agree to promptly notify the opposing party of the change(s).  The parties reserve the right to object to substantial and/or untimely changes to demonstratives.

60.    The provisions in this Section VI.C do not apply to demonstratives, blow-ups, highlights, etc. created during testimony or argument, which need not be provided to the other side in advance of use.

15

### D.    Juror Materials

61.    For the relevant phase of trial, upon the end of all parties' presentation of evidence, the parties will compile a set of copies of all exhibits in evidence for the jury.  This set shall be distributed to the jury before they commence deliberation, and shall be collected from the jury each night before they retire from deliberation. When not in the possession of the jury, the set of copies will be held by the bailiff of the Court.  In the event native electronic versions of exhibits are admitted into evidence, the parties shall provide the jury a laptop with the ability to view the native exhibits.

62.    Exhibits admitted in Phase 1 remain in evidence with respect to Phase 2 and shall be included in the set of copies of exhibits in evidence provided to the jury for Phase 2 deliberations.

## VII.   WITNESSES

63.    Magnolia's list of all witnesses it may call to testify at trial, and whether each witness will testify in person or by deposition, is attached as **Exhibit 8**.

64.    Kurin's list of all witnesses it may call to testify at trial, and whether each witness will testify in person or by deposition, is attached as **Exhibit 9**.

65.    Any witness not listed in **Exhibits 8** and **9** is precluded from testifying absent good cause shown, [**Magnolia's Proposal**: except that each party reserves

16

the right to call rebuttal witnesses (if rebuttal is allowed) on reasonable notice to the opposing party.  A rebuttal witness not listed in **Exhibits 8** and **9** shall be permitted to testify only if there exists good cause for omission from those exhibits, *e.g.*, to rebut evidence that reasonably was not anticipated.]  No party shall be required to present testimony from any witness on its list of witnesses.

66.    Depositions can only be played subject to the limits of the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

67.    The parties' witness lists are not a commitment that any of the witnesses listed are available or will appear for trial.  Should a party choose to not call a witness designated as a "will call witness" the party will ensure the witness is available to be called adversely, absent exigent circumstances.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition, subject to objections and applicable Federal Rules.

68.    By 7:00 p.m. EDT two days prior to each day of trial, the parties shall disclose by e-mail a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition).

69.    Objections to live witnesses will be provided as soon as practicable and no later than 8:00 p.m. EDT two calendar days before their intended testimony, and

17

the parties will meet and confer regarding any objections as soon as practicable after that exchange and no later than 8:30 p.m. EDT the same night. To the extent any objections are not resolved by the meet and confer, and for all witnesses except those expected to testify on a Monday, the parties will inform the Court the day before the witness is expected to testify that objections remain unresolved and require resolution. For witnesses expected to testify on a Monday, the parties will raise objections with the Court the same day the witness is expected to testify.

70. Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with two copies of binders containing all exhibits that they intend to use with that witness on direct examination and will provide all required copies to the Court. With respect to cross examination, the party cross-examining a witness shall provide two copies of a binder containing all of the exhibits to be used during cross examination to the other party and all required copies to the Court at the start of the cross examination of that witness. If a witness on cross examination is held over at the end of a trial day, both copies of the binders provided to the other party containing all exhibits to be used during cross examination shall be returned to counsel conducting the cross examination until testimony resumes. In a situation where a witness testifies in a manner that reasonably was not anticipated, a party shall not be precluded from using

18

a document for cross examination in relation to such testimony for the sole reason that it was not provided before cross examination of the witness.

71. Once a witness has been sworn in, he or she may not confer with anyone regarding his or her testimony (e.g., during breaks or if held over at the end of a trial day) until the testimony in that portion of the case is completed. However, a witness who may testify at more than one separate times (e.g., during a party's case-in-chief and then again during the party's rebuttal presentation (if rebuttal is allowed), and/or in Phase 1 and then again in any subsequent phase) shall not be subject to this restriction between the separate times that the witness testifies.

72. With respect to witnesses who will be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they intend to read or play back during their case-in-chief. New designations may not be added without good cause.

73. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court and opposing party with two copies each of the transcript of the designations and counter-designations that will be read or played.

74. Magnolia's list of designations, Kurin's objections and counter designations, and Magnolia's rebuttal designations of prior testimony are attached hereto as **Exhibit 10**.

19

75.    Kurin's list of designations, Magnolia's objections and counter designations, and Kurin's rebuttal designations of prior testimony are attached hereto as **Exhibit 11**.

76.    A party shall provide a list identifying the specific witnesses that it intends to call by prior testimony, the testimony it intends to offer (by page and line number), and whether the testimony will be played by video or read, by 7:00 p.m. EDT three calendar days before the party plans to offer the testimony.  The disclosed list shall also include any designations being offered and objections to such testimony as set forth in **Exhibits 10** and **11**.  The party offering the deposition testimony shall also provide at the same time a short statement of introduction for the witness that may be read to the jury prior to reading or playing the designated deposition testimony to the jury.  The statement shall only serve to identify the witness, e.g., name, title, and affiliation.  The party shall also include any exhibits to be introduced during the deposition testimony.  The receiving party shall provide any counter-designations and objections it intends to assert from those set forth in **Exhibits 10** and **11** by 7:00 p.m. EDT two days before the party plans to offer the testimony.  The offering party shall provide any counter-counter designations and objections it intends to assert by 8:00 p.m. EDT that same day.    The parties shall meet and confer regarding any objections to designations, counter-designations, counter-counter designations, or the introductory statement as soon as practicable

20

and no later than 8:30 p.m. EDT on the same day. For example, if a party intends to call a witness by prior testimony on December 9, it shall provide the list and deposition designations at 7:00 p.m. EDT on December 6. The receiving party shall provide any counter-designations and objections at 7:00 p.m. EDT on December 7, and the offering party shall provide any counter-counter designations and objections at 8:00 p.m. EDT on December 7. The parties shall meet and confer no later than 8:30 p.m. EDT on December 7. For deposition testimony to be presented by video, the offering party shall provide video clips of all designated testimony for that witness to be played by 12:00 p.m. EDT the day prior to the testimony being played. The receiving party shall provide any objections to video by 7:00 p.m. EDT that same day, and the parties shall meet and confer regarding any objections to video as soon as practicable and no later than 8:30 p.m. EDT on the same day.

77.     If objections remain to be resolved, the party calling the witness by prior testimony shall promptly submit before court the following day, on behalf of all parties:  (i) a copy of the entire transcript of the witness at issue, clearly highlighting the designations, counter designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

21

78.    If a party designates deposition testimony, and the other party counter-designates, then each designation and counter-designation will be read or played in the chronological order in which the witness gave the testimony.  Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.  The parties shall inform the Court of the amount of time to be counted against each party prior to reading or playing the deposition testimony.

79.    All irrelevant and redundant material, including but not limited to all objections and colloquy between counsel, will be eliminated when the deposition is read or viewed at trial to the extent feasible.

80.    The parties may offer some or all of the deposition testimony set forth herein at trial.  A party's decision not to introduce some or all of the deposition testimony of a witness designated herein shall not be commented upon at trial.

81.    Whether or not a party identified a portion of deposition testimony on its list of deposition designations shall have no bearing on whether that testimony may be used at trial for the purpose of impeachment.

82.    In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

83.     Pursuant to Rule 615 of the Federal Rules of Evidence, the parties request that the Court prevent fact witnesses, other than witnesses who have already testified and have been excused, from hearing the testimony of other witnesses.  The parties further request that in accordance with provision (b) of Fed. R. Evid. 615, this exclusion rule will not apply to a single officer or employee designated by each party as its representative.  The parties further request that expert witnesses disclosed under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure not be excluded for either fact or expert testimony.  If a witness, other than the party's representative or expert, testified in Phase 1 and is identified as a witness that may testify in rebuttal (if rebuttal is allowed) and/or in a later phase, that witness shall remain sequestered until that witness testifies and is excused from the trial and will not be called again, whether in rebuttal or in the later phase.

## VIII.  MAGNOLIA'S INTENDED PROOF

84.     A brief statement of what Magnolia intends to prove in support of its claims as to the Magnolia Asserted Patents is attached as **Exhibit 12A**.

85.     A brief statement of what Magnolia intends to prove in support of its claims as to the Kurin Asserted Patent is attached as **Exhibit 12B.**

## IX.    KURIN'S INTENDED PROOF

86.     A brief statement of what Kurin intends to prove in support of its claims as to the Magnolia Asserted Patents is attached as **Exhibit 13A**.

23

87.    A brief statement of what Kurin intends to prove in support of its claims as to the Kurin Asserted Patent is attached as **Exhibit 13B.**

## X.    AMENDMENT TO PLEADINGS

88.    Neither party intends to request an amendment to its pleadings at the present time.

## XI.    CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT

89.    The parties hereby certify that they have engaged in good faith effort to explore resolution of the controversy by settlement.  The parties, in conjunction with their respective counsel, have considered the possibility of settlement.  It was determined that the matter could not be resolved at this juncture by settlement.

## XII.    OTHER MATTERS

### A.    Phasing of Trial

90.    Phase 1 will consist of infringement and invalidity.  [**Magnolia's Proposal**: Phase 2 will consist of damages and willfulness.]  [**Kurin's Proposal**: Phase 2 will consist of damages.  Phase 3 will consist of willfulness.]

### B.    Number of Jurors

91.    There shall be eight jurors.

### C.    Jury Notes

92.    On the first day of trial, each member of the jury will be provided a notebook containing lined paper, the asserted patents, and a glossary of the claim terms that have been construed and their constructions.  The notebooks will also

24

contain pictures, party affiliations, and titles for each witness, which will be provided to the jury on the first day each witness testifies.

93.    The parties agree that the jurors be permitted to take notes by hand during the presentations of the parties and that jurors be permitted to bring these notes as well as the provided jury notebook into the deliberation room.  The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes) and that the juror's notes be collected by the clerk each evening after daily recess and collected and destroyed without review after the jury's discharge.

### D.    Depositions from Other Matters

94.    The parties may offer deposition testimony subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  *See, e.g.*, Fed. R. Evid. 804 (b) (addressing former testimony "whether given during the current proceeding or a different one").

### E.    Handling of Confidential Information at Trial

95.    The parties generally agree that the Court should be open to the public for the entirety of the presentation of evidence at trial.  The parties agree that the public use at trial of documents designated "Confidential" or "Confidential – For Counsel Only" does not alter the status of such documents as "Confidential" or "Confidential – For Counsel Only" and all other protections remain.

25

96.    Exhibits designated "Confidential" or "Confidential – For Counsel Only", even if displayed at trial, will not be filed publicly.

### F.    Set-up of Electronic and Computer Devices

97.    The parties request that the Court grant access to the Courtroom on December 5, 2025, the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.  To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

### G.    Federal Judicial Center Introduction to Patent System Video

98.    The video will be played and the sample patent will be handed out to jurors as part of the Court's preliminary instructions.

### H.    Motions *in Limine*

99.    Magnolia's Motions *in Limine* and associated briefing are attached as **Exhibits 14** through **16**.

100.   Kurin's Motions *in Limine* and associated briefing are attached as **Exhibits 17** through **19**.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ *Anthony D. Raucci* | /s/ *Kelly E. Farnan* |
| Rodger D. Smith, II (#3778) | Kelly E. Farnan (#4395) |
| Anthony D. Raucci (#5948) | Sara M Metzler (#6509) |
| 1201 North Market Street | 920 N. King Street |
| P.O. Box 1347 | One Rodney Square |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 651-7700 |
| rsmith@morrisnichols.com | farnan@rlf.com |
| araucci@morrisnichols.com | metzler@rlf.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | Gregg F. LoCascio, P.C. |
| Ashok Ramani | Sean M. McEldowney |
| Micah G. Block | Matthew J. McIntee |
| Serge A. Voronov | Kelly Tripathi |
| Natalie Stoecklein | Socrates L. Boutsikaris |
| DAVIS POLK & WARDWELL LLP | M. Houston Brown, Jr. |
| 900 Middlefield Road, Suite 200 | KIRKLAND & ELLIS LLP |
| Redwood City, CA 94063 | 1301 Pennsylvania Ave., N.W. |
| (650) 752-2000 | Washington, DC 20004 |
| | (202) 389-5000 |
| David Jiang | |
| DAVIS POLK & WARDWELL LLP | Sam Blake |
| 450 Lexington Avenue | KIRKLAND & ELLIS LLP |
| New York, NY 10017 | 555 South Flower St., Suite 3700 |
| (212) 450-4000 | Los Angeles, CA 90071 |
| | (213) 680-8400 |
| *Attorneys for Plaintiff Magnolia Medical Technologies, Inc.* | |
| | Jonathan Hangartner |
| | X-PATENTS, APC |
| | 5670 La Jolla Blvd. |
| | (858) 454-4313 |
| | |
| | *Attorneys for Defendant Kurin, Inc.* |
| October 23, 2025 | |

27

SO ORDERED this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 23, 2025, upon the following in the manner indicated:

Kelly E. Farnan                                                   *VIA ELECTRONIC MAIL*
Sara M. Metzler
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
*Attorneys for Defendant Kurin, Inc.*

Gregg F. LoCascio, P.C.                                           *VIA ELECTRONIC MAIL*
Sean M. McEldowney
Kelly Tripathi
Matthew J. McIntee
Socrates L. Boutsikaris
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
*Attorneys for Defendant Kurin, Inc.*

Sam Blake                                                         *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
*Attorneys for Defendant Kurin, Inc.*

Jonathan Hangartner, Esq.                                      *VIA ELECTRONIC MAIL*
X-PATENTS, APC
5670 La Jolla Blvd.
La Jolla, CA 92037
*Attorneys for Defendant Kurin, Inc.*

                                            */s/ Anthony D. Raucci*

                                            _____
                                            Anthony D. Raucci (#5948)