# EXHIBIT 2A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL                )
TECHNOLOGIES, INC.,             )
                                )
            Plaintiff,          )
                                )
                                )   C.A. No. 24-1124 (CFC)
      v.                        )
                                )
KURIN, INC.,                    )
                                )
            Defendant.          )

**EXHIBIT 2A**

**MAGNOLIA'S STATEMENT OF ISSUES OF FACT
THAT REMAIN TO BE LITIGATED AS TO THE MAGNOLIA
ASSERTED PATENTS**

## TABLE OF CONTENTS

PAGE

I. INFRINGEMENT ............................................................................2

    A.    INFRINGEMENT OF U.S. PATENT NO. 11,529,081 ("THE #081 PATENT")...................................................................2

    B.    INFRINGEMENT OF U.S. PATENT NO. 11,653,863 ("THE #863 PATENT")...................................................................3

    C.    INFRINGEMENT OF U.S. PATENT NO. 11,903,709 ("THE #709 PATENT")...................................................................5

II. OBJECTIVE INDICIA OF NONOBVIOUSNESS ......................................5

III. DAMAGES TO MAGNOLIA ........................................................7

IV. INJUNCTIVE RELIEF TO MAGNOLIA ......................................................7

V. ENHANCED DAMAGES, ATTORNEYS' FEES, AND COSTS................8

Ex. 2A – i
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the
Magnolia Asserted Patents

Magnolia respectfully submits this Statement of Contested Facts as to the Magnolia Asserted Patents, which is based on Magnolia's claims and Magnolia's current understanding of Kurin's defenses and counterclaims and the proceedings in this action to date.  Magnolia reserves the right to supplement and amend this list, for example, to respond to any issues, argument, or evidence raised by Kurin, or in the event of any Court ruling that might raise new or additional issues.  By including an issue of fact herein, Magnolia does not concede the applicable burden of proof or assume the burden of proof or production with regard to that fact.

To the extent Magnolia's Statement of Issues of Law That Remain to be Litigated as to the Magnolia Asserted Patents set forth in **Exhibit 4A** contains issues of fact, those issues are incorporated herein by reference.  Likewise, should the Court determine that any issue identified below is more appropriately considered an issue of law, Magnolia incorporates such issues by reference into **Exhibit 4A**.  The following statements are not exhaustive, and Magnolia reserves the right to prove any matters identified in its pleadings, infringement contentions, interrogatory responses, and/or expert reports.  Magnolia also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order.  Magnolia further intends to offer evidence to rebut evidence offered by Kurin, and Magnolia intends to argue that Kurin is precluded from offering evidence in support of theories and claims not adequately disclosed in accordance with the

Ex. 2A – 1
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the
Magnolia Asserted Patents

scheduling order.  Magnolia incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

## I.      INFRINGEMENT

### A.      Infringement of U.S. Patent No. 11,529,081 ("the #081 Patent")

1.      Whether Kurin directly infringed, and continues to directly infringe claims 1, 5-11, 15-21, and 25-30 of the #081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets:  DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, TJ-PIV18, SJ-PIV4, and SJ-PIV10 (collectively, the "Kurin Accused Products").

2.      Whether Kurin indirectly infringed, and continues to indirectly infringe claims 1, 5-11, 15-21, and 25-30 of the #081 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the Kurin Accused Products.

3.      Whether Kurin directly infringed, and continues to directly infringe claims 2, 12, and 22 of the #081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets:  SJ-PIV4 and SJ-PIV10.

4.      Whether Kurin indirectly infringed, and continues to indirectly infringe claims 2, 12, and 22 of the #081 Patent under 35 U.S.C. § 271(b) by

Ex. 2A – 2
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the
Magnolia Asserted Patents

actively inducing the use of the accused Kurin blood culture collection sets:  SJ-PIV4 and SJ-PIV10.

5.      Whether Kurin directly infringed, and continues to directly infringe claims 3, 4, 13, 14, 23, and 24 of the #081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets:  DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

6.      Whether Kurin indirectly infringed, and continues to indirectly infringe claims 3, 4, 13, 14, 23, and 24 of the #081 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the accused Kurin blood culture collection sets: DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

7.      Whether Kurin willfully infringed one or more of the asserted claims of the #081 Patent.

**B.      Infringement of U.S. Patent No. 11,653,863 ("the #863 Patent")**

8.      Whether Kurin directly infringed, and continues to directly infringe claims 1, 5-11, and 15-30 of the #863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the Kurin Accused Products.

Ex. 2A – 3
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the
Magnolia Asserted Patents

9.    Whether Kurin indirectly infringed, and continues to indirectly infringe claims 1, 5-11, and 15-30 of the #863 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the Kurin Accused Products.

10.    Whether Kurin directly infringed, and continues to directly infringe claims 2 and 12 of the #863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets:  SJ-PIV4 and SJ-PIV10.

11.    Whether Kurin indirectly infringed, and continues to indirectly infringe claims 2 and 12 of the #863 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the accused Kurin blood culture collection sets:  SJ-PIV4 and SJ-PIV10.

12.    Whether Kurin directly infringed, and continues to directly infringe claims 3, 4, 13, and 14 of the #863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets:  DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

13.    Whether Kurin indirectly infringed, and continues to indirectly infringe claims 3, 4, 13, and 14 of the #863 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the accused Kurin blood culture collection sets:  DJ-

221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

14.    Whether Kurin willfully infringed one or more of the asserted claims of the #863 Patent.

**C.    Infringement of U.S. Patent No. 11,903,709 ("the #709 Patent")**

15.    Whether Kurin directly infringed, and continues to directly infringe claims 1-3, 6-12, 15-21, and 24-30 of the #709 Patent under 35 U.S.C. § 271(a) by making, using selling, offering to sell, or importing into the United States the Kurin Accused Products.

16.    Whether Kurin indirectly infringed, and continues to indirectly infringe claims 1-3, 6-12, 15-21, and 24-30 of the #709 Patent under 35 U.S.C. § 271(b) by actively inducing the use of the Kurin Accused Products.

## II.    OBJECTIVE INDICIA OF NONOBVIOUSNESS

17.    Whether objective indicia of nonobviousness rebut any prima facie showing of obviousness for the asserted claims of the Magnolia Asserted Patents.

18.    Whether objective indicia of nonobviousness have a nexus to the inventive aspect of the asserted claims of the Magnolia Asserted Patents.

19.    Whether others failed to develop the invention(s) of the asserted claims of the Magnolia Asserted Patents.

20.    Whether the asserted claims of the Magnolia Asserted Patents fulfilled long-felt but unsolved needs.

21.    Whether the asserted claims of the Magnolia Asserted Patents produced unexpected results.

22.    Whether the asserted claims of the Magnolia Asserted Patents received praise by others.

23.    Whether Magnolia's Steripath Flow product ("the Practicing Product") practices the asserted claims of the Magnolia Asserted Patents.

24.    Whether the Kurin Accused Products fulfilled long-felt but unsolved needs due to the inventive aspect of the asserted claims of the Magnolia Asserted Patents.

25.    Whether the Kurin Accused Products produced unexpected results attributable to the inventive aspect of the asserted claims of the Magnolia Asserted Patents.

26.    Whether the Kurin Accused Products have received praise by others attributable to the inventive aspect of the asserted claims of the Magnolia Asserted Patents.

27.    Whether the Kurin Accused Products have achieved commercial success attributable to the inventive aspect of the asserted claims of the Magnolia Asserted Patents.

Ex. 2A – 6
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the Magnolia Asserted Patents

28.    Whether Kurin copied the inventions of the asserted claims of the Magnolia Asserted Patents.

## III.    DAMAGES TO MAGNOLIA

29.    The amount of compensatory damages to which Magnolia is entitled for Kurin's infringement of the Magnolia Asserted Patents, including the amount of lost profit damages and, where lost profits are not available, reasonable royalty damages.

30.    Whether, during the damages period:  (1) there was demand for the patented products; (2) there were no available, acceptable non-infringing alternatives; (3) Magnolia had the manufacturing and marketing capacity to make the infringing sales that Kurin made; and (4) Magnolia would have made a quantifiable amount of lost profits if Kurin had not infringed.

31.    For any infringement for which Magnolia is not entitled to lost profits damages, the amount of reasonable royalty damages that Magnolia is entitled to for Kurin's infringement.

32.    Whether Magnolia is entitled to an accounting of damages for post-verdict infringement prior to any injunction, and the amount of such damages.

33.    Whether Magnolia is entitled to an award of prejudgment and post-judgment interest, and the amount of such interest.

## IV.    INJUNCTIVE RELIEF TO MAGNOLIA

34.     Whether Magnolia is entitled to injunctive relief that permanently enjoins Kurin and its officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or in concert with them from further infringement of the Magnolia Asserted Patents.

35.     Whether, as part of the injunctive relief, Magnolia is entitled to an order that requires the recall, removal, seizure, or destruction of all infringing products currently in the marketplace.

## V.     ENHANCED DAMAGES, ATTORNEYS' FEES, AND COSTS

36.     Whether Magnolia is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

37.     Whether this is an exceptional case pursuant 35 U.S.C. § 285.

38.     Whether Magnolia is entitled to attorneys' fees, expenses, or costs, and the amount.

39.     Whether Magnolia is entitled to any further relief that the Court deems just and proper.

## VI.     INVALIDITY

40.     The scope and content of the asserted prior art, and differences between the claimed inventions of the Magnolia Asserted Patents and the asserted prior art.

Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the Magnolia Asserted Patents

41.     Whether each asserted prior art reference qualifies under 35 U.S.C. § 102 as prior art to the patent against which it is asserted.

42.     Whether any asserted claim of the Magnolia Asserted Patents is invalid under 35 U.S.C. § 102 as being anticipated in view of Kurin's asserted prior art as set forth in Kurin's pretrial disclosures.

43.     Whether any asserted claim of the Magnolia Asserted Patents is invalid under 35 U.S.C. § 103 as being obvious in view of Kurin's asserted prior art combinations as set forth in Kurin's pretrial disclosures.

44.     Whether a person of ordinary skill in the art would modify the prior art asserted by Kurin to arrive at the inventions of the asserted claim against which such prior art is asserted.

45.     Whether a person of ordinary skill in the art would have had a reasonable expectation of success in modifying or combining the prior art asserted by Kurin to arrive at the invention of the asserted claim against which such prior art is asserted.

46.     Whether Kurin can rebut objective indicia of nonobviousness.

47.     Whether any of the asserted claims is invalid for lack of adequate written description under 35 U.S.C. § 112.

48.     Whether any of the asserted claims is invalid for lack of enablement under 35 U.S.C. § 112.

Ex. 2A – 9
Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the
Magnolia Asserted Patents

49.　　Whether any of the asserted claims is invalid for indefiniteness under 35 U.S.C. § 112.

50.　　Whether Kurin is entitled to a declaratory judgment of invalidity of the Magnolia Asserted Patents.

Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the Magnolia Asserted Patents