# EXHIBIT 2B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL                      )
TECHNOLOGIES, INC.,                   )
                                      )
       Plaintiff,                 )
                                      )
                                      )    C.A. No. 24-1124 (CFC)
    v.                          )
                                      )
KURIN, INC.,                          )
                                      )
       Defendant.                 )


## EXHIBIT 2B

## MAGNOLIA'S STATEMENT OF ISSUES OF FACT
## THAT REMAIN TO BE LITIGATED AS TO THE KURIN ASSERTED
## PATENT

## TABLE OF CONTENTS

PAGE

I.      NON-INFRINGEMENT OF THE #052 PATENT .........................................2

II.     INVALIDITY OF THE #052 PATENT.........................................................2

III.    DAMAGES TO KURIN ..............................................................................3

IV.     INJUNCTIVE RELIEF TO KURIN ..............................................................4

V.      ENHANCED DAMAGES, ATTORNEYS' FEES AND COSTS..................5

Ex. 2B – i

Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the Kurin Asserted Patent

Magnolia respectfully submits this Statement of Contested Facts, which is based on Magnolia's claims and Magnolia's current understanding of Kurin's defenses and counterclaims and the proceedings in this action to date. Magnolia reserves the right to supplement and amend this list, for example, to respond to any issues, argument, or evidence raised by Kurin, or in the event of any Court ruling that might raise new or additional issues. By including an issue of fact herein, Magnolia does not concede applicable burden of proof or assume the burden of proof or production with regard to that fact, nor that Kurin has preserved the issue or adduced evidence sufficient to try it.

To the extent Magnolia's Statement of Issues of Law That Remain to be Litigated set forth in **Exhibit 4B** contains issues of fact, those issues are incorporated herein by reference. Likewise, should the Court determine that any issue identified below is more appropriately considered an issue of law, Magnolia incorporates such issues by reference into **Exhibit 4B**. The following statements are not exhaustive, and Magnolia reserves the right to prove any matters identified in its pleadings, infringement contentions, interrogatory responses, and/or expert reports. Magnolia also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order. Magnolia further intends to offer evidence to rebut evidence offered by Kurin, and to argue that Kurin is precluded from offering evidence in support of theories and claims not adequately disclosed in

Ex. 2B – 1

Magnolia's Statement of Issues of Fact That Remain to be Litigated as to the Kurin Asserted Patent

accordance with the scheduling order.  Magnolia incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

## I.      NON-INFRINGEMENT OF THE #052 PATENT

1.      Whether Magnolia infringes claims 1, 6-13, and 18-24 of U.S. Patent No. 12,138,052 ("the #052 Patent") under 35 U.S.C. § 271(a).

2.      Whether Magnolia infringes claims 10 and 22 of the #052 Patent under 35 U.S.C. § 271(b)-(c).

3.      Whether Magnolia is entitled to a declaratory judgment of non-infringement of the Kurin Asserted Patent.

## II.     INVALIDITY OF THE #052 PATENT

4.      Whether each asserted prior art reference qualifies under 35 U.S.C. § 102 as prior art to the Kurin Asserted Patent.

5.      Whether any asserted claim of the Kurin Asserted Patent is invalid under 35 U.S.C. § 102 as being anticipated by Magnolia's asserted prior art as set forth in Magnolia's pretrial disclosures.

6.      Whether any asserted claim of the Kurin Asserted Patent is invalid under 35 U.S.C. § 103 as being obvious in view of Magnolia's asserted prior art as set forth in Magnolia's pretrial disclosures.

7.      Whether a person of ordinary skill in the art would modify the prior art asserted by Magnolia to arrive at the inventions of the asserted claims of the Kurin Asserted Patent.

8.      Whether a person of ordinary skill in the art would have had a reasonable expectation of success in modifying or combining the prior art asserted by Magnolia to arrive at the invention of the asserted claims of the Kurin Asserted Patent.

9.      Whether the evidence rebuts any assertion of objective indicia of non-obviousness regarding the Kurin Asserted Patent.

10.     Whether any of the asserted claims of the Kurin Asserted Patent are invalid for lack of adequate written description under 35 U.S.C. § 112.

11.     Whether any of the asserted claims of the Kurin Asserted Patent are invalid for lack of enablement under 35 U.S.C. § 112.

12.     Whether Magnolia is entitled to a declaratory judgment of invalidity of the asserted claims of the Kurin Asserted Patent.

## III.   DAMAGES TO KURIN

13.     The date on which the Kurin Practicing Product was marked with the #052 Patent pursuant to 35 U.S.C. § 287.

Ex. 2B – 3
Magnolia's Statement of Issues of Fact That Remain to be Litigated

14.    The amount of compensatory damages to which Kurin is entitled for Magnolia's infringement of the Kurin Asserted Patent, including the amount of lost profits and, where lost profit damages are not available, a reasonable royalty.

15.    Whether, during the damages period: (1) there was demand for the patented products; (2) there were no acceptable non-infringing alternatives; (3) Kurin had the manufacturing and marketing capacity to make the infringing sales Magnolia made; and (4) Kurin would have made a quantifiable amount of lost profits if Magnolia had not infringed.

16.    Whether Kurin is entitled to an accounting of damages for post-verdict infringement prior to any injunction, and the amount of such damages.

17.    Whether Kurin is entitled to an award of prejudgment and post-judgment interest, and the amount of such interest.

## IV.    INJUNCTIVE RELIEF TO KURIN

18.    Whether Kurin is entitled to injunctive relief that permanently enjoins Magnolia and its officers, agents, servants, and employees from further infringement of the Kurin Asserted Patent.

19.    Whether, as part of the injunctive relief, Kurin is entitled to an order that requires the recall, removal, seizure, or destruction of all infringing products currently in the marketplace.

Ex. 2B – 4
Magnolia's Statement of Issues of Fact That Remain to be Litigated

## V.    ENHANCED DAMAGES, ATTORNEYS' FEES AND COSTS

20.    Whether this is an exceptional case pursuant 35 U.S.C. § 285.

21.    Whether Kurin is entitled to attorneys' fees, expenses, or costs, and the amount.

22.    Whether Kurin is entitled to any further relief that the Court deems just and reasonable under the circumstances.