# EXHIBIT 3A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) | |
| *Plaintiff and Counter-Defendant*, | ) ) | |
| v. | ) | C.A. No. 24-1124-CFC |
| KURIN, INC., | ) ) ) | |
| *Defendant and Counter-Plaintiff.* | ) ) | |

**EXHIBIT 3A:**

## <u>KURIN'S STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED AS TO THE MAGNOLIA ASSERTED PATENTS</u>

## EXHIBIT 3A

## TABLE OF CONTENTS

I.   NON-INFRINGEMENT ........................................................................3

    A.   Non-Infringement of the '081 Patent ......................................3

    B.   Non-Infringement of the '863 Patent ......................................5

    C.   Non-Infringement of the '709 Patent ......................................6

II.  INVALIDITY OF THE MAGNOLIA ASSERTED PATENTS ..............7

III. UNENFORCEABILITY ........................................................................8

IV.  DAMAGES TO MAGNOLIA (IN THE EVENT LIABILITY IS FOUND) ..............................................................................................8

V.   INJUNCTIVE RELIEF TO MAGNOLIA (IN THE EVENT LIABILITY IS FOUND) .................................................................9

VI.  ENHANCED DAMAGES, ATTORNEYS' FEES AND COSTS .............9

i

**EXHIBIT 3A**

Pursuant to Local Rule 16.3(c)(4) and the parties' agreed-upon schedule, Kurin, Inc. ("Kurin") submits the following statement of issues of fact to be litigated at trial related to the Magnolia Asserted Patents.

To the extent Kurin's Statement of Issues of Law to be Litigated at Trial related to the Magnolia Asserted Patents (Exhibit **5A**) contains issues of fact, those issues are incorporated herein by reference. Moreover, if any issue of fact identified below should properly be considered an issue of law, then such statement shall be considered to be part of Kurin's Statement of Issues of Law to be Litigated at Trial related to the Magnolia Asserted Patents.

Magnolia accuses Kurin of infringing U.S. Patent Nos. 11,529,081 (the "'081 Patent"), 11,653,863 (the "'863 Patent"), and 11,903,709 (the "'709 Patent) (collectively the "Magnolia Asserted Patents"). *See* D.I. 1. Magnolia asserts the following claims of the Magnolia Asserted Patents, which are collectively referred to as the Magnolia Asserted Claims:[1]

---

[1] Magnolia continues to assert 84 claims against Kurin. Kurin objects to the number of asserted claims as it is not conducive given trial time constraints and fails to put Kurin on notice of which claims Magnolia will assert at trial.

## EXHIBIT 3A

| Patent | Claims |
|---|---|
| '081 Patent | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 |
| '863 Patent | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 |
| '709 Patent | 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30 |

*See* D.I. 208 (Notice of Service of Magnolia's 3d Am. Disclosure of Asserted Claims and Infringement Contentions); 248 (Entry of Partial Judgement of Non-Infringement).

Kurin discusses certain legal issues raised by the parties' arguments in this discussion of factual issues for purposes of completeness. Kurin provides these disclosures based in part on its understanding of the arguments that Magnolia is likely to make based upon the pleadings, discovery, and motions filed to date. Kurin does not, by way of including an issue in this statement, concede that such issue should be included in the upcoming jury trial of this matter. Kurin reserves the right to modify or amend this statement to the extent necessary to fairly respond to any new issues that Magnolia may raise, if Magnolia is permitted to so raise new issues, and Kurin further reserves the right to modify or amend this statement based upon the resolution of any outstanding motion or other future ruling by the Court. The following statements are not exhaustive, and Kurin reserves the right to prove any matters identified in its pleadings, infringement and

2

## EXHIBIT 3A

invalidity contentions, interrogatory responses, and/or expert reports.  Kurin also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order.  Kurin further intends to offer evidence to rebut evidence offered by Magnolia, and to argue that Magnolia is precluded from offering evidence in support of theories and claims not adequately disclosed in accordance with the scheduling order.  Kurin incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

### I.    NON-INFRINGEMENT

#### A.    Non-Infringement of the '081 Patent

1.    Whether Kurin directly infringed, and continues to directly infringe, claims 1, 5–11, 15–21, and 25–30 of the '081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets: DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, TJ-PIV18, SJ-PIV4, and SJ-PIV10 (collectively, the "Kurin Accused Products").[2]

2.    Whether Kurin induced, and continues to induce, third parties to directly infringe claims 1, 5–11, 15–21, and 25–30 of the '081 Patent under 35

---

[2]    For the purposes of infringement, invalidity, and damages in this case, the parties have stipulated that each model of the Kurin Jet product made, used, offered for sale, sold, and/or imported by Jet are identical (except for needle gauges and collection equipment). *See* D.I. 136.

3

**EXHIBIT 3A**

U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the Kurin Accused Products.

3.      Whether Kurin directly infringed, and continues to directly infringe, claims 2, 12, and 22 of the '081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets: SJ-PIV4 and SJ-PIV10.

4.      Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 2, 12, and 22 of the '081 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the accused Kurin Jet blood culture collection sets: SJ-PIV4 and SJ-PIV10.

5.      Whether Kurin directly infringed, and continues to directly infringe claims 3, 4, 13, 14, 23, and 24 of the '081 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin Jet blood culture collection sets: DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

6.      Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 3, 4, 13, 14, 23, and 24 of the '081 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the accused Kurin Jet blood culture collection sets: DJ-221, DJ-223, MJ-

4

**EXHIBIT 3A**

221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

7.    Whether Kurin willfully infringed, and continues to willfully infringe, any asserted claim of the '081 Patent.

### B.    Non-Infringement of the '863 Patent

8.    Whether Kurin directly infringed, and continues to directly infringe, claims 1, 5–11, and 15–30 of the '863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the Kurin Accused Products.

9.    Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 1, 5–11, and 15–30 of the '863 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the Kurin Accused Products.

10.    Whether Kurin directly infringed, and continues to directly infringe, claims 2 and 12 of the '863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets: SJ-PIV4 and SJ-PIV10.

11.    Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 2 and 12 of the '863 Patent under 35 U.S.C. § 271(b) by

5

## EXHIBIT 3A

making, using, offering to sell, selling, or importing into the United States the accused Kurin Jet blood culture collection sets: SJ-PIV4 and SJ-PIV10.

12.    Whether Kurin directly infringed, and continues to directly infringe claims 3, 4, 13, and 14 of the '863 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Kurin blood culture collection sets: DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

13.    Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 3, 4, 13 and 14 of the '863 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the accused Kurin Jet blood culture collection sets: DJ-221, DJ-223, MJ-221, MJ-223, TJ-221, TJ-223, DJ-PIV12, DJ-PIV18, MJ-PIV12, MJ-PIV18, TJ-PIV12, and TJ-PIV18.

14.    Whether Kurin willfully infringed, and continues to willfully infringe, any asserted claim of the '863 Patent.

### C.    Non-Infringement of the '709 Patent

15.    Whether Kurin directly infringed, and continues to directly infringe claims 1–3, 6–12, 15–21, and 24–30 of the '709 Patent under 35 U.S.C. § 271(a) by making, using selling, offering to sell, or importing into the United States the Kurin Accused Products.

6

**EXHIBIT 3A**

16.    Whether Kurin has induced, and continues to induce, third parties to directly infringe claims 1–3, 6–12, 15–21, and 24–30 of the '709 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, or importing into the United States the Kurin Accused Products.

## II.    INVALIDITY OF THE MAGNOLIA ASSERTED PATENTS

17.    Whether Kurin has proven by clear and convincing evidence that the Asserted Claims of the Magnolia Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated.

18.    Whether Kurin has proven by clear and convincing evidence that the Asserted Claims of the Magnolia Asserted Patents are invalid under 35 U.S.C. § 103 as being obvious.

19.    Whether Kurin has proven by clear and convincing evidence that claims 1, 5–11, 15–21, 25–30 of the '081 Patent, claims 1, 5–11, 15–23, 25–30 of the '863 Patent, and claims 1–5, 7–14, 16–23, 25–30 of the '709 Patent are invalid under 35 U.S.C. § 112 for lack of written description.

20.    Whether Kurin has proven by clear and convincing evidence that claims 1, 5–11, 15–21, 25–30 of the '081 Patent, claims 1, 5–11, 15–23, 25–30 of the '863 Patent, and claims 1–5, 7–14, 16–23, 25–30 of the '709 Patent are invalid under 35 U.S.C. § 112 for lack of enablement.

## EXHIBIT 3A

21.    Whether Kurin has proven by clear and convincing evidence that claims 1, 5–11, 15–21, 25–30 of the '081 Patent, claims 1, 5–11, 15–23, 25–30 of the '863 Patent, and claims 1–5, 7–14, 16–23, 25-30 of the '709 Patent are invalid under 35 U.S.C. § 112 as indefinite.

## III.    UNENFORCEABILITY

22.    Whether Kurin has proven by clear and convincing evidence that the Magnolia Asserted Patents are unenforceable due to inequitable conduct.

## IV.    DAMAGES TO MAGNOLIA (IN THE EVENT LIABILITY IS FOUND)

23.    Whether Magnolia is entitled to damages for Kurin's alleged infringement.

24.    The amount of reasonable royalty Magnolia is entitled to, if any, for Kurin's allegedly infringing sales.

25.    The amount of lost profits Magnolia is entitled to, if any, for Kurin's allegedly infringing sales.

26.    For any infringement for which Magnolia is not entitled to lost profits damages, the amount of reasonable royalty damages that Magnolia is entitled to for Kurin's infringement.

27.    Whether Magnolia is entitled to an accounting of damages for post-verdict infringement and the amount.

## EXHIBIT 3A

28.    Whether Magnolia is entitled to an award of prejudgment and post-judgment interest, and the amount.

## V.    INJUNCTIVE RELIEF TO MAGNOLIA (IN THE EVENT LIABILITY IS FOUND)

29.    Whether Magnolia suffered irreparable harm as a result of Kurin's infringement of the Magnolia Asserted Patents.

30.    Whether the remedies available at law, such as monetary damages, are adequate to compensate Magnolia for any injury resulting from Kurin's infringement of the Magnolia Asserted Patents.

31.    Whether the balance of hardships warrants injunctive relief.

32.    Whether the public interest will be disserved by injunctive relief.

33.    Whether Magnolia is not entitled to injunctive relief.

## VI.    ENHANCED DAMAGES, ATTORNEYS' FEES AND COSTS

34.    Whether Magnolia is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

35.    Whether Magnolia's case is an exceptional case pursuant to 35 U.S.C. § 285.

36.    Whether Magnolia is entitled to attorneys' fees, expenses, or costs, and the amount.

37.    Whether Magnolia is entitled to any further relief that the Court deems just and proper.