# EXHIBIT 3B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL
TECHNOLOGIES, INC.,

  *Plaintiff and Counter-Defendant*,

  v.

KURIN, INC.,

  *Defendant and Counter-Plaintiff.*

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 24-1124-CFC

## EXHIBIT 3B:

## KURIN'S STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED AS TO THE KURIN ASSERTED PATENT

## EXHIBIT 3B

## TABLE OF CONTENTS

I.    INFRINGEMENT OF U.S. PATENT NO. 12,138,052 (THE "KURIN ASSERTED PATENT")......................................................................2

II.    OBJECTIVE INDICIA OF NONOBVIOUSNESS ........................................4

III.    DAMAGES TO KURIN (IN THE EVENT LIABILITY IS FOUND) ..........5

IV.    INJUNCTIVE RELIEF TO KURIN ...............................................................6

V.    EXCEPTIONAL CASE, ATTORNEYS' FEES AND COSTS.......................7

VI.    VALIDITY OF THE KURIN ASSERTED PATENT....................................7

**EXHIBIT 3B**

Pursuant to Local Rule 16.3(c)(4) and the parties' agreed-upon schedule, Kurin, Inc. ("Kurin") submits the following statement of issues of fact to be litigated at trial on issues related to the Kurin Asserted Patent.

To the extent Kurin's Statement of Issues of Law to be Litigated at Trial related to the Kurin Asserted Patent (Exhibit **5B**) contains issues of fact, those issues are incorporated herein by reference. Moreover, if any issue of fact identified below should properly be considered an issue of law, then such statement shall be considered to be part of Kurin's Statement of Issues of Law to be Litigated at Trial related to the Kurin Asserted Patent.

Kurin discusses certain legal issues raised by the parties' arguments in this discussion of factual issues for purposes of completeness. Kurin provides these disclosures based in part on its understanding of the arguments that Magnolia is likely to make based upon the pleadings, discovery, and motions filed to date. Kurin does not, by way of including an issue in this statement, concede that such issue should be included in the upcoming jury trial of this matter. Certain issues included in this statement may be presented separately (e.g., injunctive relief and any award pursuant to 35 U.S.C. § 285). Kurin reserves the right to modify or amend this statement to the extent necessary to fairly respond to any new issues that Magnolia may raise, if Magnolia is permitted to so raise new issues, and Kurin further reserves the right to modify or amend this statement based upon the

1

**EXHIBIT 3B**

resolution of any outstanding motion or other future ruling by the Court. The following statements are not exhaustive, and Kurin reserves the right to prove any matters identified in its pleadings, infringement and invalidity contentions, interrogatory responses, and/or expert reports. Kurin also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order. Kurin further intends to offer evidence to rebut evidence offered by Magnolia, and to argue that Magnolia is precluded from offering evidence in support of theories and claims not adequately disclosed in accordance with the scheduling order. Kurin incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

## I.   INFRINGEMENT OF U.S. PATENT NO. 12,138,052 (THE "KURIN ASSERTED PATENT")

1.     Whether Kurin has proven by a preponderance of the evidence that Magnolia directly infringes claims 1, 6, 7, 8, 9, 10, 11, 12, 13, 18, 19, 20, 21, 22, 23 and 24 of the Kurin Asserted Patent ("the Kurin Asserted Claims") under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing into the United States the accused Magnolia Steripath Micro blood culture collection sets: Model Nos. 4000-EN, 4000-21UT-EN, 4000-23UT-EN, 4000-UN-EN, 40BD-EN, 40BD-21UT-EN, 40BD-23UT-EN, 40BD-UN-EN, 4005-EN, 4005-21UT-EN, 4005-23UT-EN, 4005-UN-EN, 4010- EN, 4010-21UT-EN, 4010-23UT-EN, 4010-UN-EN, 4020-EN, 4020-21UT-EN, and 4020-UN-EN (collectively, the "Magnolia

2

## EXHIBIT 3B

Accused Products").[1] For avoidance of doubt, Kurin accuses all Steripath Micro devices and sets even if not expressly listed above.

2.    Whether Kurin has proven by a preponderance of the evidence that, under 35 U.S.C. § 271(b), Magnolia has induced third parties to directly infringe claims 10 and 22 of the Kurin Asserted Patent by making, using, offering to sell, selling, or importing into the United States the accused Steripath Micro blood culture collection sets: 40BD-21UT-EN, 40BD-23UT-EN, 40BD-EN, 4000-21UT-EN, 4000-23UT-EN, 4000-EN (collectively "the Magnolia Indirectly Accused Products"). For avoidance of doubt, Kurin accuses all non-syringe-based Steripath Micro devices and sets even if not expressly listed above.

3.    Whether Kurin has proven by a preponderance of the evidence that, under 35 U.S.C. § 271(c), Magnolia has contributed to third parties' infringement of claims 10 and 22 of the Kurin Asserted Patent by making, using, offering to sell, selling, or importing into the United States the Magnolia Indirectly Accused Products.

---

[1] For the purposes of infringement, invalidity, and damages in this case, the parties have stipulated that each model of the Magnolia Steripath Micro product made, used, offered for sale, sold, and/or imported by Magnolia are identical (except for needle gauges and collection equipment). *See* D.I. 136.

3

**EXHIBIT 3B**

## II.    OBJECTIVE INDICIA OF NONOBVIOUSNESS

4.    Whether objective indicia of nonobviousness rebut any prima facie showing of obviousness for the Kurin Asserted Claims.

5.    Whether objective indicia of nonobviousness have a nexus to the inventive aspect of the Kurin Asserted Claims.

6.    Whether the Kurin Asserted Claims fulfilled long-felt but unmet needs.

7.    Whether the Kurin Asserted Claims produced unexpected results.

8.    Whether the Kurin Asserted Claims received praise by others.

9.    Whether the Kurin Asserted Claims achieved commercial success.

10.    Whether the Kurin Jet practices claims 1, 12, and 13 of the '052 Patent ("the Kurin Practiced Claims").

11.    Whether the Kurin Jet fulfilled long-felt but unmet needs attributable to the inventive aspect of the Kurin Practiced Claims.

12.    Whether the Kurin Jet has produced unexpected results attributable to the inventive aspect of the Kurin Practiced Claims.

13.    Whether the Kurin Jet has received praise by others attributable to the inventive aspect of the Kurin Practiced Claims.

14.    Whether the Kurin Jet has achieved commercial success attributable to the inventive aspect of the Kurin Practiced Claims.

**EXHIBIT 3B**

15.    Whether the Magnolia Accused Products fulfilled long-felt but unmet needs due to the inventive aspect of the Kurin Asserted Claims.

16.    Whether the Magnolia Accused Products produced unexpected results attributable to the inventive aspect of the Kurin Asserted Claims.

17.    Whether the Magnolia Accused Products have received praise by others attributable to the inventive aspect of the Kurin Asserted Claims.

18.    Whether the Magnolia Accused Products have achieved commercial success attributable to the inventive aspect of the Kurin Asserted Claims.

## III.    DAMAGES TO KURIN (IN THE EVENT LIABILITY IS FOUND)

19.    The amount of compensatory damages to which Kurin is entitled for Magnolia's infringement of the Kurin Asserted Patent, including the amount of lost profits, and, where lost profit damages are not available, a reasonable royalty.

20.    Whether Kurin has proven by a preponderance of the evidence that, during the damages period: (1) there was a demand for the patented products; (2) there were no acceptable non-infringing alternatives; (3) Kurin had the manufacturing and marketing capacity to make the infringing sales Magnolia made; and (4) Kurin would have made a quantifiable amount of lost profits if Magnolia had not infringed.

5

## EXHIBIT 3B

21.    For any infringement for which Kurin is not entitled to lost profits, the amount of reasonable royalty damages Kurin is entitled to for Magnolia's infringement.

22.    Whether Kurin has proven by a preponderance of the evidence that it is entitled to an accounting of damages for post-verdict infringement prior to any injunction, and the amount of such damages.

23.    Whether Kurin has proven by a preponderance of the evidence that it is entitled to an award of prejudgment and post-judgment interest, and the amount of such interest.

24.    Whether Kurin has proven by a preponderance of the evidence that it is entitled to attorneys' fees, expenses, or costs, and the amount.

25.    Whether Kurin has proven by a preponderance of the evidence that it is entitled to any further relief that the Court deems just and proper.

## IV.    INJUNCTIVE RELIEF TO KURIN

26.    Whether Kurin has proven by a preponderance of the evidence that it is entitled to injunctive relief that permanently enjoins Magnolia and its officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or concert with them from further infringement of the Kurin Asserted Patent.

6

**EXHIBIT 3B**

27.     Whether Kurin has proven by a preponderance of the evidence that, as part of the injunctive relief, Kurin is entitled to an order that requires the recall, removal, seizure, or destruction of all infringing products currently in the marketplace.

## V.    EXCEPTIONAL CASE, ATTORNEYS' FEES AND COSTS

28.     Whether Kurin's infringement case regarding the Kurin Asserted Patent is an exceptional case pursuant 35 U.S.C. § 285.

29.     Whether attorney fees, expenses, and/or costs are due to Kurin, and the amount.

## VI.    VALIDITY OF THE KURIN ASSERTED PATENT

30.     The scope and content of the asserted prior art, and differences between the claimed inventions of the Kurin Asserted Patent and the asserted prior art.

31.     Whether each asserted prior art reference qualifies under 35 U.S.C. § 102 as prior art against the Kurin Asserted Patent.

32.     Whether Magnolia has proven by clear and convincing evidence that the Asserted Claims of the Kurin Asserted Patent are invalid under 35 U.S.C. § 102 as being anticipated by Magnolia's asserted prior art as set forth in Magnolia's pretrial disclosures.

7

**EXHIBIT 3B**

33.    Whether Magnolia has proven by clear and convincing evidence that the Asserted Claims of the Kurin Asserted Patent are invalid under 35 U.S.C. § 103 as being obvious in view of Magnolia's asserted prior art combinations as set forth in Magnolia's pretrial disclosures.

34.    Whether a person of ordinary skill in the art would modify the prior art asserted by Magnolia to arrive at the inventions of the Asserted Claims of the Kurin Asserted Patent.

35.    Whether a person of ordinary skill in the art would have had a reasonable expectation of success in modifying or combining the prior art asserted by Magnolia to arrive at the invention of the Asserted Claims of the Kurin Asserted Patent.

36.    Whether Magnolia has proven by clear and convincing evidence that the Asserted Claims of the Kurin Asserted Patent are invalid under 35 U.S.C. § 112 for lack of written description.

37.    Whether Magnolia has proven by clear and convincing evidence that the Asserted Claims of the Kurin Asserted Patent are invalid under 35 U.S.C. § 112 for lack of enablement.

38.    Whether Magnolia can rebut objective indicia of nonobviousness regarding the Kurin Asserted Patent.

8

## EXHIBIT 3B

39.    Whether Magnolia is entitled to a declaratory judgment of invalidity of the Kurin Asserted Patent.