IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL
TECHNOLOGIES, INC.,

                        Plaintiff,

            v.                                          Civil Action No. 24-1124-CFC

KURIN, INC.,

                        Defendant.

---

## MEMORANDUM ORDER

Pending before me is Defendant and Counter-Plaintiff Kurin, Inc.'s motion

pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to preclude Plaintiff and

Counter-Defendant Magnolia Medical Technologies, Inc. from offering at trial the

opinions of its expert Dr. Carl D. Meinhart that U.S. Patent No. 12,138,052 (the

#052 patent) is invalid on anticipation and obviousness grounds.  D.I. 260; *see also*

D.I. 262 at 1.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge,
> skill, experience, training, or education may testify in the
> form of an opinion or otherwise if the proponent
> demonstrates to the court that it is more likely than not
> that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert*, the Supreme Court held that district courts must act as gatekeepers to ensure proffered expert scientific testimony meets the requirements of Rule 702. *See* 509 U.S. at 589.

Kurin advances a host of arguments why Dr. Meinhart's opinions are unreliable and unhelpful to the trier of fact and should thus be excluded under Rule 702. D.I. 262 at 1–3. I need only address one of those arguments because it identifies a fatal deficiency common to Dr. Meinhart's anticipation and obviousness opinions.

Specifically, Kurin argues—and Magnolia does not dispute—that Dr. Meinhart "fails to account for the competing claim constructions [of 'a housing that defines'] or identify which [of the competing constructions] his report purports to address." *See* D.I. 262 at 9; D.I. 323 at 3; *see generally* D.I. 298. Dr. Meinhart's report (D.I. 265-2) is dated May 30, 2025. As of that date, Kurin and Magnolia had not yet resolved their dispute over the construction of "a housing

2

that defines." *See* D.I. 153 at 12 (joint claim construction brief dated March 10, 2025, describing the dispute); D.I. 339 (e-mail to the Court explaining that Kurin agreed to Magnolia's proposed construction no later than July 9, 2025). Kurin had proposed giving the term its plain and ordinary meaning, whereas Magnolia had proposed construing it as "[a] casing that fixes or marks the limits of." D.I. 153 at 12. Although the parties have since agreed to Magnolia's proposed construction, D.I. 339, Dr. Meinhart's report neither adopts the agreed-upon construction nor discloses the construction upon which he relied, *see* D.I. 265-2.

This "failure to disclose a clear construction of each disputed claim element makes his report less than helpful to the trier of fact, in contravention of Federal Rule of Evidence 702." *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436 (D. Del. 2004); *see also OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, 2020 WL 7263266, at *5 (S.D. Tex. Dec. 10, 2020) (excluding testimony under Rule 702 as irrelevant and unhelpful to the trier of fact in part because it "did not indicate that [the expert] was aware of the parties' agreed construction of the claim term"); *DataQuill Ltd. v. Handspring, Inc.*, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003) (excluding testimony under Rule 702 because "it [was] not clear what or whose interpretation of the claims [the expert] applied in his analysis"). Because the term "a housing that defines" appears in both independent claims asserted, #052 patent at claims 1, 13, Dr. Meinhart's failure to disclose the construction

3

upon which he relied is fatal, and I will therefore preclude him from offering at trial his anticipation and obviousness opinions with respect to the #052 patent.

NOW THEREFORE, at Wilmington on this Third day of November in 2025, it is HEREBY ORDERED that Defendant Kurin, Inc.'s *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Carl D. Meinhart (D.I. 260) is GRANTED and Dr. Meinhart is precluded from testifying at trial that the #052 patent is invalid on anticipation or obviousness grounds.

_____
CHIEF JUDGE

4