IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL
TECHNOLOGIES, INC.,

                              Plaintiff,

            v.                                          Civil Action No. 24-1124-CFC

KURIN, INC.,

                              Defendant.

---

## MEMORANDUM ORDER

Pending before me is Kurin's Motion to Strike Magnolia's Late and Improperly Disclosed Embodying Products Contention. D.I. 375.

The motion concerns Magnolia's fourth supplemental responses and objections to interrogatories 8 and 9 of Kurin's first set of interrogatories. Interrogatory 8 reads:

> For each Covered Product that You contend falls within the scope of any claim of the Patents-in-Suit or practices any claim of the [patents asserted in this case by Magnolia], identify the product's name and model number, and, with respect to the United States, when it was first offered for sale, first sold, first publicly used, first publicly disclosed, first disclosed to anyone, first tested, first imported, and first manufactured. If said product(s) were never offered for sale, sold, publicly used, publicly disclosed, disclosed to anyone, tested, imported, or manufactured in the United States, so state

> that in Your answer.  Your answer should also include an
> Identification of the Person(s) most knowledgeable about
> Your answer and an Identification of Documents that
> relate to or support Your answer.

D.I. 376-1 at 7–8.  Interrogatory 9 reads:

> For each Covered Product identified in your answer to
> Interrogatory 8, state with particularity for each claim of
> the [patents asserted by Magnolia in this case] You
> contend such product(s) fall within or practice, the
> factual and legal bases for said contention on a claim-by-
> claim and element-by-element basis.  Your answer
> should also include an Identification of the Person(s)
> most knowledgeable about Your answer and an
> Identification of Documents that relate to or support
> Your answer.

D.I. 376-1 at 12.

In its initial response to these interrogatories, served on September 9, 2024,

Magnolia objected to Kurin's definition of "Covered Products" as, among other

things, "overly broad, vague, [and] ambiguous"; identified three Magnolia

commercial products (the Steripath® Gen 1, Gen 2, and Micro); and disclosed the

first sale of those three products.  D.I. 379-2 at 4, 31–32, 39.

In its fourth supplemental responses to these interrogatories, Magnolia stated

that its Steripath® Flow device (the Flow) practices the asserted claims of the three

patents that Magnolia is currently asserting in the case.  D.I. 376-1 at 11, 15–23.

Magnolia served the fourth supplemental responses on October 14, 2025—nearly

2

five months after fact discovery closed (i.e., on May 16, 2025) and three weeks

after the FDA approved Magnolia's request to market the Flow (i.e., on

September 25, 2025).  *See* D.I. 379-7 at 24; D.I. 173 at 2; D.I. 379-3 at 1.

Magnolia informed Kurin on October 1, 2025 of the FDA's approval of the Flow,

and Magnolia provided Kurin on October 6, 2025 a sample of the Flow and

technical and regulatory documents for the Flow.  *See* D.I. 379-4 at 1; D.I. 379-5.

Kurin asks for three forms of relief in the pending motion: First, that I strike

Magnolia's fourth supplemental responses; second, that I preclude Magnolia from

"introduc[ing] [at trial] evidence or testimony, [and from] mak[ing] any arguments,

referencing the Steripath Flow, implying in any manner that Magnolia practices

[Magnolia's asserted patents] or presenting any secondary considerations related to

the Steripath Flow"; and third, that I issue an order declaring that "Kurin will not

be precluded from arguing that Magnolia does not practice [Magnolia's asserted

patents]."  D.I. 376-6 at 1–2.

## I.

Kurin argues that I should strike Magnolia's fourth supplemental responses

for two reasons.  Both arguments fail.

Kurin argues first that the fourth supplemental responses violated

paragraphs 3(g) and 7 of the Scheduling Order.  D.I. 376 at 1.  According to Kurin:

> As part of infringement contentions under the Court's
> scheduling order, "if a party claiming patent infringement
> wishes to preserve the right to rely, ***for any purpose***, on
> the assertion that its own [product] practices the claimed
> invention, the party shall identify, separately for each
> asserted claim, each [product] that incorporates or
> reflects that particular claim." D.I. 102 ¶ 3(g) (emphasis
> added). Amendments to those contentions "may be made
> only by order of the Court upon a timely showing of
> good cause." *Id.* ¶ 7.

D.I. 376 at 1 (alterations in original). And, in Kurin's view, "Magnolia could not

possibly show good cause for th[e] amendment" of its interrogatory responses

because Magnolia made a prototype of the Flow in February 2025 and completed

design verification for the Flow's function and performance in May 2025. D.I. 376

at 1.

This argument is classic legerdemain and easily dismissed. Paragraphs 3(g)

and 7 of the Scheduling Order concern infringement contentions, not responses to

interrogatories. *See* D.I. 102 ¶¶ 3(g), 7.

Kurin next argues that Magnolia's fourth supplemental responses "could

also be struck" under Federal Rule of Civil Procedure 37(c)(1). D.I. 376 at 2. As

an initial matter, whether I *could* strike Magnolia's supplemental responses under

Rule 37(c)(1) is of no moment. The relevant question is whether I should or must

strike the supplemental responses, and Rule 37(c)(1) does not bear on that

question. Rule 37(c)(1) addresses what evidence and argument a party may

4

present in court.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Accordingly, I will deny Kurin's motion insofar as it seeks to strike Magnolia's fourth supplemental responses and objections to Kurin's interrogatories 8 and 9.[1]

## II.

Kurin seems to be suggesting in its letter filed in support of its motion that Rule 37(c)(1) precludes Magnolia from introducing at trial evidence about the

---

[1] Kurin complains in its briefing that Magnolia "could have disclosed" its belief that the Flow practices the asserted patents in February 2025 "or perhaps even much earlier," D.I. 376 at 1, and that Magnolia "with[e]ld" this contention, D.I. 376 at 2.  Although Kurin never says it outright, it seems to be suggesting that Magnolia should have disclosed the Flow in response to interrogatories 8 and 9 no later than February 2025.  Kurin, however, has never challenged Magnolia's objection to Kurin's definition of "Covered Products" in Magnolia's initial responses to Kurin's interrogatories.  *See* D.I. 379 at 1; *see generally* the Docket and 11.13.25 Hr'g Tr. (docketed as D.I. 381) 146:11–170:17.  I understand Magnolia's position to be that "Covered Products" should include only commercial products (i.e., products that Magnolia has sold).  That position does not appear to be unreasonable, as interrogatory 8 asked Magnolia to identify "[f]or each Covered Product . . . when it was first offered for sale."  D.I. 379-1 at 11.  Notably, Kurin did not disclose in its briefing the definition of "Covered Products" it used for its interrogatories; nor did it provide me with a copy of the definitions section of its interrogatories.  *See generally* D.I. 376.  Consequently, Kurin gave me no way of knowing how it defined "Covered Products."

5

Flow. *See* D.I. 376 at 2–3. The argument, however, has been rendered moot, as Magnolia represented in its response to the motion, D.I. 379 at 1, and at the pretrial conference, 11.13.25 Hr'g Tr. (docketed as D.I. 381) 163:1–3, that it has no intention of injecting the Flow into the trial. Accordingly, I will deny the pending motion as moot insofar as it seeks an order precluding Magnolia from introducing at trial evidence and argument about the Flow.

I note, however, that Magnolia engaged in doublespeak on this issue and in doing so made resolution of the motion much more difficult and time-consuming than it should have been. For example, although Magnolia expressly stated on page one of its opposition to the motion that it "has no intention of injecting the Flow into the upcoming trial," it stated on page three of its opposition that "the FDA approval [of the Flow] is relevant to secondary considerations of nonobviousness." D.I. 379 at 1, 3. In its opposition to Kurin's Motion in Limine No. 3, Magnolia similarly stated that "[s]econdary considerations [of nonobviousness] based on the Steripath Flow are . . . relevant here." D.I. 349-5 at 1. And Magnolia identified in the Proposed Pretrial Order as an issue of fact that remains to be litigated "[w]hether Magnolia's Steripath Flow product (the 'Practicing Product') practices the asserted claims of the Magnolia Asserted Patents." D.I. 348, Ex. 2A ¶ 23. As I made clear at the pretrial conference, it

6

would be manifestly unfair for Magnolia to be able to make the Flow an issue at trial. Accordingly, I will hold Magnolia to its representation that it will not inject the Flow into the trial.

III.

Kurin did not explain in its letter why it seeks an order that would expressly state that "Kurin will not be precluded from arguing that Magnolia does not practice [Magnolia's asserted patents]." *See* D.I. 376-6 at 2; *see generally* D.I. 376. And it was unable to articulate at the pretrial conference how or why the argument that Magnolia does not practice Magnolia's asserted patents is relevant to any claim or defense Kurin intends to assert at trial. *See* 11.13 Tr. 164:4–21, 170:6–15. Making matters worse, Kurin admits that it does not know whether the argument it wants to make is even true. Indeed, Kurin emphasized at the pretrial conference that it does not know whether the Flow practices Magnolia's asserted patents and that it cannot contest with evidence Magnolia's assertion that the Flow practices Magnolia's asserted patents. *See id.* 149:15–21, 151:14–20, 164:19–165:5.

Accordingly, I will deny the motion insofar as it seeks an order declaring that Kurin is not precluded from arguing that Magnolia does not practice the Magnolia asserted patents.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Seventeenth Day of November

in 2025, it is HEREBY ORDERED that Kurin's Motion to Strike Magnolia's Late

and Improperly Disclosed Embodying Products Contention (D.I. 375) is DENIED.

_____
CHIEF JUDGE